878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lee HOWELL, William M. Rector, Jr., Defendants-Appellants.
 No. 88-5060.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided June 16, 1989.
 
 Beth M. Sheffield (William P. Sheffield on brief) for appellants.
 Jerry Walter Kilgore, Assistant United States Attorney (John P. Alderman, United States Attorney on brief) for appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and CHARLES H. HADEN, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Gary Lee Howell and William M. Rector, Jr. appeal from their convictions of carrying firearms in relation to a drug trafficking offense in violation of 18 U.S.C.A. Sec. 924(c) (West 1976 & Supp.1989). We affirm.
 
 
 2
 On January 7, 1987 law enforcement officers in Smyth County, Virginia obtained and executed a search warrant for drugs and stolen goods at Howell's residence where Rector also lived. During the search the officers recovered 296 "hits" of LSD, $7,100.00 in cash, and triple-beam scales covered with cocaine residue. The police also recovered nine guns during the search. In one bedroom the officers found seven guns, four of which were loaded and in close proximity to the drugs and money. In another bedroom the officers found two additional loaded weapons. Also seized during the search was a note showing the proper conversions from ounces to grams and a note indicating that "one dollar weighs a gram."
 
 
 3
 Prior to their indictment under section 924(c) Howell and Rector had been charged with drug-related offenses in Virginia state court. Howell was convicted of possession of a controlled substance with intent to distribute, and Rector was convicted of simple possession of a controlled substance.
 
 
 4
 Rector contends that simple possession is not a drug trafficking offense and that his conviction under section 924(c) is therefore improper. He also argues that even if the government may independently prove that he was engaged in a drug trafficking offense for purposes of section 924(c), it failed to do so. Both Rector and Howell challenge the sufficiency of the evidence on the issue of whether they carried or used a firearm in furtherance of a drug trafficking offense.
 
 
 5
 The fact that Rector was convicted only of simple possession in state court does not foreclose the federal government from prosecuting him under section 924(c). In order to sustain a conviction under section 924(c) the government was required to prove that Rector was engaged in drug trafficking. Here, there was clearly sufficient evidence for a jury to conclude that Rector was engaged in drug trafficking. In the room where Rector's possessions were found, officers discovered the scales covered with cocaine residue and syringes. Also, Rector's handwritten note providing for the conversion of ounces to grams is evidence that he was engaged in distributing drugs.
 
 
 6
 Section 924(c) prohibits the carrying, as well as the use, of a firearm in relation to a drug trafficking offense. Howell and Rector contend that the government merely demonstrated ownership and possession of the weapons. To the contrary, there was ample evidence from which a jury could have reasonably concluded that Howell and Rector used or carried the firearms within the meaning of section 924(c). Possession of a firearm to protect the storage of drugs falls within the reach of the statute. See United States v. LaGuardia, 774 F.2d 317, 321 (8th Cir.1985). As recognized by this court "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988). The undisputed facts show that the weapons were discovered in close proximity to the drugs and the evidence was sufficient for a jury to conclude that the firearms were available for the protection of the drugs and money.
 
 
 7
 AFFIRMED.